## Albert Pick & Company and Silas J. Whitlock, Trustee, Appellants, v. Charles D. Natalby et al., Appellees.

### Gen. No. 23,499.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918. Rehearing denied and opinion modified July 5, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Albert Pick & Company, a corporation, complainant, against Albert D. Natalby and Charles D. Natalby, copartners, as Natalby Brothers, defendants, for a discovery, to set aside a transfer of assets from the partnership to Natalby's, a corporation, to enjoin a transfer or incumbering of the assets, the appointment of a receiver and to subject such assets to the payment of a judgment theretofore recovered by complainant against defendants, execution on which had been returned unsatisfied. Later, on motion, Silas J. Whitlock, as trustee in bankruptcy of the estate of Charles D. Natalby and Albert D. Natalby, individually and as copartners, and also as trustee for Natalby's, a corporation, was permitted to intervene, and filed a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

supplemental bill for an accounting and to set aside certain conveyances as fraudulent. Later complainant Pick & Company filed a supplemental bill. From a decree sustaining demurrers to the supplemental bills and dismissing them for want of equity, complainants appeal.

HOMER K. GALPIN, SAMUEL G. HAMBLEN and E. L. DUCK, for appellants.

RICHBERG, ICKES, DAVIES & LORD, for appellees Abram J. Liebman and Leah Liebman; JOHN S. LORD, of counsel.

WINSTON, PAYNE, STRAWN & SHAW, for appellee Fred Miller Brewing Company; EDWARD W. EVERETT and T. IRVING CHRISTOPHER, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. BANKRUPTCY, § 28*—*when bill by trustee for reconveyance of property conveyed to defendant by bankrupt is demurrable.* A demurrer is properly sustained to a bill by a trustee in bankruptcy which prays that defendant be decreed to convey back to the trustee property which had been conveyed to him by the bankrupt upon payment to defendant of such sum as he had actually paid for it together with any sum which he may be found to be equitably entitled to, where complainant does not offer to pay defendant the sum which may be so found to be equitably due him.

2. BANKRUPTCY, § 28*—*what are rights of trustee against transferees of bankrupt's property.* The rights of a trustee in bankruptcy against persons to whom the bankrupt has transferred his property are such, and only such, as he derives by and through the provisions of the Bankruptcy Act.

3. BANKRUPTCY, § 28*—*when trustee not entitled to have conveyance by bankrupt set aside.* Where, on a bill by a trustee in

bankruptcy to set aside a conveyance by the bankrupt to defend-
ant, it appears on the face of the bill that the conveyance was
made more than 4 months before the petition in bankruptcy was
filed and it is not alleged that the conveyance was made by the
bankrupt to hinder and defraud his creditors, or that he was
insolvent when it was made, or that defendant was not a bona
fide purchaser for a fair consideration, but it appears that he pur-
chased in good faith, the fact that certain incumbrances, subject
to which he purchased, were void, does not give the trustee the
right to set aside the conveyance.

4. BANKRUPTCY, § 28*—*when trustee should intervene in fore-
closure suit against bankrupt to have trust deeds and notes can-
celed.* Where, prior to and at the time of the appointment of a,
trustee in bankruptcy, a bill to foreclose trust deeds conveying
property of the bankrupt is pending, the trustee cannot assert any
rights which he may have with regard to the property involved,
the trust deeds and the notes secured by them by filing a bill,
whether original or supplemental, in a court having concurrent
jurisdiction with that in which the foreclosure suit is pending,
to restrain the foreclosure suit and to have the notes and trust
deeds declared void and canceled, but his proper course is to inter-
vene in the foreclosure suit.

5. EQUITY, § 148*—*when bill is demurrable for lack of.* A bill
by a trustee in bankruptcy against a holder of notes secured by a
trust deed which sets up usury on the part of defendant, prays
that an accounting may be had between defendant and the bank-
rupt, and that if it appears that usurious interest has been paid,
the amount shall be determined, the notes canceled and the trust
deeds declared void, is demurrable for failing to offer to do equity
in case any sum is found to be equitably due the defendant.

6. USURY, § 45*—*when bill to cancel notes and trust deed is
demurrable.* Where, on a bill to set aside a conveyance and to
cancel certain notes and the trust deed securing them on the ground
of usury, it appears from its allegations that the loans for which
the notes and deed were given were regular and free from usury,
the only allegations to the contrary being conclusions merely, a
demurrer is properly sustained to the bill.

7. TORRENS ACT—*when demurrer sustained to bill of judgment
creditor not complying with by filing judgment.* Where, on a bill
by a judgment creditor to set aside a conveyance by the debtor
as in fraud of his creditors, it appears that the conveyance was
made a month after complainant recovered judgment, that the title
to the property conveyed was registered under the Torrens Act
(J. & A. ¶ 2284 *et seq.*) and that no attempt was made to file

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

a certificate of complainant's judgment with the Registrar of Titles, as was essential under the Torrens Act (J. & A. ¶ 2284 *et seq.*) to render it a lien on the property, until after the conveyance to defendant, a demurrer is properly sustained to the bill.

8. APPEAL AND ERROR, § 198*—*lack of jurisdiction of Appellate Court of constitutional question.* The Appellate Court has no authority to declare any act of the legislature unconstitutional and void, but where such a question is involved the proper course is an appeal to the Supreme Court.

9. APPEAL AND ERROR, § 200*—*when validity of act is not involved.* The question of the validity of an act cannot be said to be involved in an appeal where it is not raised in the trial court but first appears in appellant's reply brief.

10. MORTGAGES, § 470*—*when judgment creditor may have relief in foreclosure suit.* A judgment creditor with a valid lien against property involved in a foreclosure suit, subject to such rights as the complainant may have by reason of the notes and trust deed sought to be foreclosed, may obtain full relief in the foreclosure suit.

11. INJUNCTION, § 28*—*when foreclosure suit not enjoined.* A foreclosure suit will not be enjoined for the relief of a creditor who may obtain full relief in the foreclosure proceeding, and this rule is not affected by the fact that the parties to the injunction proceeding are not the same as the parties to the foreclosure suit, as the purpose of the rule is to protect the rights of courts rather than of parties, to avoid conflict of jurisdiction and to prevent confusion and delay in the administration of justice.

12. EQUITY, § 263*—*when supplemental bill proper.* Where the parties are at issue upon the original bill, and facts arise which show that it is necessary to pray for further relief or for additional discovery, or if new charges are required to be made, it is proper to introduce such additional matter by a supplemental bill.

13. EQUITY, § 263*—*when supplemental bill may be brought.* A supplemental bill may be brought not only to insist upon the relief prayed in the original bill, but also to insist upon other and different relief from that sought in the original bill, where subsequently arising facts require it.

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.