## Otto Benner et al., on appeal of Otto Benner, Appellant, v. Mary Lee Colbert et al., Appellees.

### Gen. No. 32,222.

Opinion filed February 23, 1928.

JUSTUS CHANCELLOR, for appellant.

GUSTAV E. BEERLY, for appellees; C. D. FITHIAN, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The bill of complaint filed in this cause on April 23, 1925, recites that Otto Benner and Harold E. Durham, of the city of Chicago, are parties complainant; that on the last day of May, 1914, Louis B. Beardslee and Eleanor C. Beardslee, his wife, executed their note in the sum of $500 with interest at 7 per cent, payable to the makers and by them indorsed and delivered; that to secure said note they gave a certain trust deed to Adolph L. Benner, trustee, and Harold E. Durham, successor in trust, to a certain lot known as lot 11 in block 1, of the subdivision of lot 1 in the Circuit Court Partition, etc., and that said trust deed was filed of record in May, 1914. This trust deed provided, in the event of the death of Adolph L. Benner, then Harold E. Durham should act as successor with like powers. The bill recites that Adolph L. Benner died May 20, 1921, and default was made in the payment of the principal note and that certain taxes were advanced by Otto Benner, complainant, and prays for foreclosure and for a writ of summons against Beardslee and his wife and one Max E. Hagan is made party defendant. To this bill the answer of the defendants Beardslee and his wife was filed and later a motion was made by Mary Lee Colbert and Mildred D. Benner that they be permitted to become co-complainants, which motion was allowed. The affidavit filed in support of said motion stated that one Gustav A. Benner during his lifetime was the owner of said note; that he died in 1918, leaving as his only heirs at law his brothers, Otto Benner and Adolph L. Benner; that the estate of Gustav A. Benner was probated; and that Otto Benner, complainant herein, and Adolph L. Benner were each entitled to an undivided half interest in said estate; that Adolph Benner during his lifetime paid various sums on account of taxes; that Adolph L. Benner departed this life in May, 1921, leaving a last will and testament, appointing Mary Lee Colbert and Mildred D. Benner as executrices and trustees.

On December 30, 1926, leave was granted to Mary Lee Colbert and Mildred D. Benner to file their supplemental bill within five days and Otto Benner was ruled to answer the same within ten days thereafter. The supplemental bill charges that since the filing of the original bill Otto Benner obtained a quitclaim deed to the premises described in the bill of complaint, from one Henry H. Mahler and wife who were holders of the outstanding legal title by deed bearing date of April 30, 1924; that the grantee in said deed was one Max E. Hagan; that the said Hagan took title to said property on behalf of the original complainant Otto Benner and held same for his use and benefit. The supplemental bill further charges that in June, 1925 (after the filing of the original bill herein), without the knowledge or consent of complainants, Otto Benner induced Hagan to enter into an agreement to sell the property to one William P. Gorman; that an agreement was entered into for that purpose, between Hagan and Gorman; that the sum of $2,339.49 was deposited in escrow with the Chicago Title & Trust Company for the purpose of carrying out said agreement, and at the same time a warranty deed was deposited by Hagan conveying said premises to Gorman. Otto Benner was made party defendant to the supplemental bill, to which he filed a demurrer, which was overruled, and a rule entered upon him to answer the supplemental bill; and upon his failure to do so, the supplemental bill was taken as confessed against the said Otto Benner. On February 24, 1927, the court entered a decree finding the facts as set up in the supplemental bill of complaint, and ordered that the complainants in the supplemental bill of complaint recover of and from the said Otto Benner the sum of $1,150 with the costs of the suit, the same being the amount due them by reason of their one-half interest in the note and mortgage aforesaid. From this decree the original complainant Otto Benner prayed an appeal to this court.

There appears to be no dispute concerning the facts. Hagan admitted on the stand that he held the title for Otto Benner and that he put up a deed with the Chicago Title & Trust Company for the purpose of carrying out the agreement with Gorman. The agreement between Max E. Hagan and Gorman, represented by the Ellinwood Realty Company, in said transaction, was proven on the trial before the chancellor.

It is apparent that the original complainant Otto Benner, at the time of the filing of his original bill, was aware of the one-half interest in said note and mortgage, belonging to Mary Lee Colbert and Mildred D. Benner, as executrices of the last will and testament of Adolph L. Benner, deceased. For some reason, best known to him, they were not made parties to the original bill, although it cannot be doubted that their interest was known to him at the time of the filing of said bill. The equities in the proceeding are with the complainants in the supplemental bill, and the only question presented to this court for consideration is whether or not the permitting of the filing of the supplemental bill was proper, and whether the complainants in said bill were entitled to the relief granted by the decree.

It appears from the record that the obtaining of the title by Benner from Henry H. Mahler and his wife, in the name of Max E. Hagan, for his use, was unknown to the complainants in the supplemental bill, and that the agreement between Hagan and Gorman, entered into in June, 1925, was after and subsequent to the filing of the original bill in this cause. The matters set up in the supplemental bill were germane to the issues in the cause, and the complainants in said supplemental bill were entitled to ask for other and different relief from that prayed for in the original bill, by reason of the change of circumstances caused by the original complainant, Otto Benner. It is a well recognized rule that equity will settle all matters prop-

erly before it, growing out of the same transaction. It is also a recognized rule that where facts occur after the filing of the original bill, in regard to the subject matter, the court will extend its relief in order to care for the newly arisen conditions.

The Supreme Court of this State in the case of *Miller v. Cook,* 135 Ill. 190, in its opinion at page 204, says:

"It is claimed that the supplemental bill is not based upon the same grounds that the original and amended bills were based on; that the case made by the supplemental bill has no connection with the original cause of action, and lends it no support; and that the rule is, that when an original bill shows no ground for relief, it cannot be aided by a supplemental bill, setting up matters that have arisen since the filing of the original bill. The rule, as we understand it, is well stated by Chancellor Walworth in *Candler v. Petit,* 1 Paige's Ch. 168, and is, in substance, that if an original bill is wholly defective, and there is no ground for proceeding upon it, it cannot be sustained by filing a supplemental bill, founded upon matters which have subsequently taken place; but that if the original bill is sufficient for one kind of relief, and facts afterwards occur which entitle the complainant to other and more extensive relief, he may have such relief by setting out the new matter in a supplemental bill." To the same effect is *Albert Pick & Co. v. Natalby,* 211 Ill. App. 486.

The parties in this cause in equity owed an obligation to each other to disclose what, if anything, was being done in regard to the collection of the note and the sale of the property in question. Fair dealing would require that neither should buy the property without the acquiescence of the other. The Chicago Title & Trust Company, in whose hands the fund appears to have been placed by reason of the contract of sale and purchase, were not parties to this suit, and

the learned chancellor in his decree provided that the original complainant, and defendant to the supplemental bill, should be decreed to pay the amount justly due the complainants in the supplemental bill; and entered judgment accordingly against him and execution to issue thereon. No point is made in the brief by the original complainant herein to the propriety of the entry of said judgment in satisfaction of the decree, and it is therefore not before us for consideration.

For the reasons stated in this opinion, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

TAYLOR, P. J., and HOLDOM, J., concur.